IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and CATHERINE WENSKUS, not individually, but as Administrator of the Funds,<br><br>                Plaintiffs,<br>v.<br><br>S & D MASONRY, INC., an Illinois Corporation<br><br>                Defendant. | Case No.: 1:18-cv-5425<br><br>Judge |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (hereinafter collectively the "Funds"), by their attorneys, Patrick T. Wallace, Amy Carollo, Katherine C. Mosensen, and Ryan Liska against Defendant S & D Masonry, Inc. state as follows:

1

## COUNT I

**(Failure to Submit Reports and Pay Employee Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus is the Administrator of the Funds and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant S & D Masonry, Inc. (hereinafter the "Company") is an Illinois corporation. At all times relevant herein, the Company did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust and the Agreements and Declarations of Trusts of the various Funds listed in paragraph 8 below, is attached as Exhibit A.)

7. Donald Stoltzner, (hereinafter "Stoltzner"), is and was at all times relevant the President and a shareholder of the Company. The Company entered into a Laborers' Health and Welfare Fund Participation Agreement [for] Non-Bargained Employees and a Laborers' Pension Fund Participation Agreement [for] Non-Bargained Employees (collectively referred to hereinafter as "Individual Self-Contributor Agreements" or "ISC") on behalf of Stolzner on or about February 21, 2002. Copies of the Individual Self-Contributor Agreements are attached hereto as Exhibits B and C.

8. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining

3

Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

9. The Agreement, the Individual Self-Contributor Agreements, the Funds' respective Agreements and Declarations of Trust, the Retiree Welfare Fund's Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust, obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, retiree health and welfare benefits, and for the Training Fund, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement, Individual Self-Contributor Agreements, the Funds' respective Agreements and Declarations of Trust, the Retiree Welfare Fund Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

12. Notwithstanding the obligations imposed by the Agreement, the Individual Self Contributor Agreements, and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit employee and ISC reports and/or pay all contributions to Plaintiff Laborers' Pension Fund for the period of May 2018 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit employee and ISC reports and/or pay all contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of May 2018 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit employee and ISC reports and/or pay all contributions to Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of May 2018 forward, thereby depriving the Retiree Welfare Fund of contributions, income and

information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d) failed to submit employee and ISC reports and/or pay all contributions to Laborers' Training Fund for the period of May 2018 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e) failed to submit employee and ISC reports and/or pay all contributions owed to one or more of the other affiliated funds identified in paragraph 8 above for the period of May 2018 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

13. The Company's actions in failing to submit timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

14. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, the terms of the Agreement and the Funds' respective Trust Agreements, and the Independent Self Contributor Agreements, Defendant Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant S & D Masonry, Inc., as follows:

    a.    ordering the Company to submit current benefit reports and contributions for its employees and Independent Self Contributor for the period of May 2018 forward and ordering the Company to submit its books and records to and audit upon demand;

    b.    entering judgment in sum certain in Plaintiffs' favor and against Defendant on the amounts shown due and owing pursuant to the delinquent reports and audit, if any, including unpaid contributions, interest, liquidated damages, accumulated liquidated damages, and Plaintiffs' attorneys' fees and costs; and

    c.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure to Submit Reports and Pay Union Dues)

15.    Plaintiffs reallege paragraphs 1 through 14 as though fully set forth herein.

16.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers Union dues which should have been or have been deducted from the wages of covered employees. Union dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

17. Notwithstanding the obligations imposed by the Agreement, Individual Self Contributor Agreements, and the Funds' respective Agreements and Declarations of Trust, the Company failed to submit Union dues reports and dues that were or should have been withheld from the wages of its employees performing covered work for the period of April 2018 and June 2018 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance. The Company also failed to submit Union dues reports and dues that were or should have been withheld from the wages of Independent Self Contributor Don Stoltzner performing covered work for the period of April 2018 forward, thereby depriving the Union of income and information to determine dues submission compliance.

18. Pursuant to the Agreement, Federal Common Law, and the Individual Self-Contributor Agreements, the Company is liable to the Funds for the unpaid Union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant S & D Masonry, Inc., as follows:

a. ordering the Company to submit the Company's employee dues reports and pay all dues for the time period of April 2018 and June 2018 forward;

b. ordering the Company to submit the Company's Individual Self Contributor dues reports and pay all dues for the time period of April 2018 forward;

c. ordering the Company to submit the Company's books and records to an audit upon demand to determine dues contributions compliance;

d. entering judgment in sum certain against the Company on the amounts due and owing pursuant to the April 2018 and June 2018 forward employee dues reports, the April 2018 forward Independent Self Contributor dues reports, and on any amounts found due and owing pursuant to the audit, including dues, interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

e. awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

August 9, 2018

Laborers' Pension Fund, et al.

By: /s/ Amy Carollo

Patrick T. Wallace
Amy Carollo
Katherine Mosensen
Ryan Liska
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

9